**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **LINFO IP, LLC,** *Plaintiff,* | § § § § § § § § § § § | |
| **v.** | | **MO:25-CV-00262-DC** |
| **MARINER FINANCE, LLC,** *Defendant.* | | |

## ORDER

Before the Court is United States Magistrate Judge Derek T. Gilliland's Report and Recommendation (Doc. 31), concerning Mariner Finance's Motion to Dismiss (Doc. 14). The R&R recommends that the motion to dismiss under 35 U.S.C. § 101 be denied without prejudice. Mariner Finance objects (Doc. 33). Having reviewed the R&R and the objections, the Court **OVERRULES** the objections, **ADOPTS** the R&R, and **DENIES** the motion.

### I.    Standard of Review

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed dispositive findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because a party has filed timely objections, the Court reviews the objected-to portions of the report and recommendation *de novo*.

## II.    Discussion

Mariner Finance moves to dismiss Linfo IP's complaint for patent infringement on the grounds that the asserted claims are ineligible under Section 101 of the Patent Act. The R&R recommends that dismissal be denied—at least for now.

To begin, Mariner Finance claims that the R&R applied the wrong law when it opined that Section 101 dismissal at the pleading stage is "rarely appropriate," highlighting that the Federal Circuit has repeatedly affirmed dismissal based on patent ineligibility at this stage. Doc. 33 at 2 (citing *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (collecting cases)). That may be true, but the Court need not wade into any debate about frequency. The Court does not disagree that eligibility may be decided on a motion to dismiss in an appropriate case. The key question is whether there are no plausible factual disputes after drawing reasonable inferences in Linfo IP's favor. *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

Applying that standard, the Court agrees with Magistrate Judge Gilliland that the briefing raises disputes relevant to the eligibility analysis that go beyond attorney argument. The R&R further notes that claim construction and fact discovery could affect the eligibility analysis. On this record, Mariner Finance has not shown that the asserted claims are ineligible as a matter of law. It may renew its § 101 arguments at summary judgment on a developed record.

### III.     Conclusion

Mariner Finance's objections (Doc. 33) are **OVERRULED**. The R&R (Doc. 31) is

**ADOPTED**.

It is **SO ORDERED**.

SIGNED this 25th day of February, 2026.

                                                                    _____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE